**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:06-CR-128 CAS |
| | ) | |
| ROBERT KENNARD, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on federal prisoner Robert Kennard's <u>pro se</u> motion requesting time credit, <u>nunc pro tunc</u>, for time served for a state sentence. The government opposes defendant's motion and filed a memorandum in response. For the following reasons, defendant's motion for credit for time served is denied.

*Background*

On December 28, 2006, defendant Robert Kennard pleaded guilty in this Court to wire fraud in violation of 18 U.S.C. § 1343. The criminal conduct that was the subject of the violation took place between October through December 2005 in the St. Louis area. At the time of sentencing in April 2007, defendant was serving a ten-year sentence in Texas for state charges of felony theft.[1] The Court was informed at sentencing that defendant was under investigation in Wisconsin for acts similar in nature, but no charges had been filed.[2]

---

[1] On August 14, 2006, defendant was sentenced in Harris County, Texas to a 10-year term of confinement in Case No. 0951388. Defendant appeared before this Court via a Federal Writ of Habeas Corpus Ad Prosequendum.

[2] Defendant was also under criminal investigation in Nevada and New Mexico.

The undersigned sentenced defendant to 46 months and ordered that "[t]he term of imprisonment shall run consecutively to the term of imprisonment defendant is currently serving in the Texas Department of Corrections pursuant to the judgment in Docket 0951388 from the District of Harris County, Texas." Doc. 37 at 2. The Court sentenced defendant to a consecutive sentence because it did not believe a sentence concurrent with the Texas sentence would be sufficient. Defendant's criminal history was extensive; he was under investigation for fraud and theft in a number of states; and here in St. Louis, he had victimized a number of local businesses defrauding them out of merchandise totaling more than $100,000.00.

Following sentencing in this Court, defendant was transferred back to Texas state custody on May 1, 2007. In August 2008, over a year after sentence was imposed in this Court, defendant was sentenced in Wisconsin to 72 months in prison on state charges of theft relating to criminal conduct occurring in January 2006. Doc. 45, Ex. 3. The record is silent as to whether the Wisconsin court ordered that the sentence should run concurrently or consecutively to the Texas sentence and/or the federal sentence.[3]

On April 14, 2010, defendant completed his Texas sentence, and he was transferred to Wisconsin where he began his 72-month sentence. On April 12, 2016, plaintiff completed his Wisconsin sentence, and was released to the United States Marshals Service to begin the 46-month sentence imposed by this Court.

---

[3] It is well-settled that a state court's intent as to whether a state sentence should run concurrently or consecutively to a federal sentence is not binding on a federal court or the BOP. See Hendrix v. Norris, 81 F.3d 805, 807 (8th Cir. 1996).

The Bureau of Prisons ("BOP") computed that defendant's federal sentence commenced on April 12, 2016. Defendant now asks that the Court, pursuant to USSG § 5G1.3(b), grant him credit toward his federal sentence nunc pro tunc for the 72 months he served in Wisconsin.

Defendant did request that the BOP credit him for time served in Wisconsin. The government attached to its memorandum in response the declaration of James D. Cook, a supervisory attorney at the United States Department of Justice, BOP. According to Mr. Cook, the BOP sent defendant a letter indicating his request for credit for time spent serving the Wisconsin sentence was being reviewed as a request for a nunc pro tunc or retroactive designation.[4] On January 25, 2017, defendant was notified that his request had been denied. There is nothing in the record to indicate whether defendant appealed the denial or otherwise pursued his request for relief with the BOP.

*Discussion*

At the outset, the Court notes that at the time of sentencing a district court has "broad discretion" to determine whether a sentence should be consecutive or concurrent with a yet-to-be-imposed state sentence. United States v. Mayotte, 249 F.3d 797, 799 (8th Cir. 2001); see also United States v. Gurski, 317 F. App'x 582, 583–84 (8th Cir. 2009). The district court's authority to revise a sentence after it has been imposed, however, is very limited. Fegans v. United States, 506 F.3d 1101, 1104 (8th Cir. 2007). The BOP "is responsible for computing the sentencing credit after the defendant has begun serving his sentence.'" United States v. Woods, 717 F.3d 654, 658 (8th Cir. 2013) (quoting United States v. Tindall, 455 F.3d 885, 888 (8th Cir. 2006)); see also

---

[4]Since filing his motion requesting credit for time served, defendant filed a motion asking that the Court hold his reply "in abeyance" until such time as BOP has "had the opportunity to conduct a Barden review." Defendant filed his reply, and the Court will deny this motion as moot.

3

United States v. Wilson, 503 U.S. 329, 335 (1992) ("[a]fter a district court sentences a federal offender, the Attorney General, through BOP, has the responsibility for administering the sentence").

A federal sentence "commences on the date the defendant is received in custody [at] the official detention facility" the BOP has designated. 18 U.S.C. § 3585(a). The BOP is authorized to designate "any available penal or correctional facility that meets minimum standards of health and habitability . . . whether maintained by the Federal Government or otherwise." 18 U.S.C. § 3621(b). The BOP has "broad discretion to choose the location of an inmate's imprisonment," so long as "the factors enumerated in the statute are considered." Fegans, 506 F.3d at 1104 (citing Fults v. Sanders, 442 F.3d 1088, 1090-91 (8th Cir. 2006)). Therefore, "when a federal defendant is already serving a state sentence, BOP has the practical power to 'make the federal sentence run concurrently by designating the state prison as a place of federal confinement, so that the clock would start to tick on the federal sentence.'" Fegans, 506 F.3d at 1104 (quoting Romandine v. United States, 206 F.3d 731, 738 (7th Cir. 2000)).

Issues arise, however, when the federal offender has already served out his state sentence. Fegans, 506 F.3d at 1104. It was unclear from the statute whether the BOP had the authority to made nunc pro tunc designations. Id. The Third Circuit Court of Appeals held in Barden v. Keohane, 921 F.2d 476, 483-84 (3d Cir. 1990), that the BOP did have the authority to act on a prisoner's request for nunc pro tunc designation of a state institution as the place to serve his federal sentence, and a number of courts have followed this decision. See, e.g., Fegans, 506 F.3d at 1104. In response to Barden, the BOP promulgated procedures to address an inmate's request for nunc pro

tunc designation of a state institution as the place to serve a federal sentence. See Federal Bureau of Prisons, U.S. Dep't of Justice, Program Statement No. 5160.05 (2003).

In this case, defendant had already served out his Wisconsin sentence when he made his request for credit for time served. The BOP reviewed defendant's request for credit for the time he served in Wisconsin pursuant to Program Statement No. 5160.05, and the request was denied. There is nothing in the record indicating whether defendant appealed this decision or otherwise pursued his request.

With regard to the motion presently at bar, the Court finds it does not have the authority to grant the relief defendant requests. The BOP "is responsible for computing the sentencing credit after the defendant has begun serving his sentence." Woods, 717 F.3d at 658. A prisoner is entitled to administrative review of the computation of credits towards his federal sentence, however, the prisoner must exhaust the available administrative remedies. United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004). After exhausting his administrative remedies, a prisoner may seek relief under 28 U.S.C. § 2241, by filing a motion with the federal court located in the district where he incarcerated. Matheny v. Morrison, 307 F.3d 709, 711 (8th Cir. 2002); see also Wilson, 503 U.S. at 335; Pardue, 363 F.3d at 699.

In this case, it not clear whether defendant has exhausted his administrative remedies. The BOP conducted a review under Program Statement No. 5160.05, but defendant has not alleged or shown that he fully exhausted the administrative remedies available to him. See 28 C.F.R. §§ 542.10-542.16. What is more, defendant is not incarcerated in the Eastern District of Missouri. He is incarcerated at FCI Texarkana, which is located in the Eastern District of Texas. Thus, this Court lacks jurisdiction to grant his request. See Reid v. United States, No. 4:16-CV-1194 ERW,

5

2016 WL 7116620, at *3 (E.D. Mo. Dec. 7, 2016).  The Court, therefore, will deny defendant's motion for credit for time served for lack of jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Robert Kennard's "Motion to Request Time Credit for Time Served <u>Nunc Pro Tunc</u> for a State Sentence of the Same Course of Conduct Pursuant to USSG § 5G1.3" is **DENIED** for lack of jurisdiction.  [Doc. 39]

**IT IS FURTHER ORDERED** that defendant Robert Kennard's "Motion to Request the Petitioner's Response Be Held in Abeyance Until the Bureau of Prisons Has the Opportunity to Conduct a Barden Review" is **DENIED as moot.**  [Doc. 46]

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this \_\_24th\_\_\_ day of May, 2018.